Electronically Filed: 10/30/2024 10:00 PM

STATE OF MAINE  SUPERIOR COURT
ANDROSCOGGIN, ss.  AUBURN

ANDSC-CIV-2024-00135

NORMAN JOHNSON,
       Plaintiff,

v.                                         COMPLAINT

KEITH CAOUETTE, in his individual
capacity, and his official capacity,
       Defendant.

---

The Plaintiff, Norman Johnson, brings this civil rights action against the Defendant, Keith Caouette, and the Lewiston Police Department under 42 U.S.C. § 1983 and 5 M.R.S.A. § 4682, for the unlawful use of excessive force in violation of the First, Fourth and Fourteenth Amendments of the United States Constitution, and Article One of the Maine Constitution, and Maine Law, which caused injury and damages to the Plaintiff.

## PARTIES

1. Norman Johnson is a natural person and was, at all times relative to this complaint, over the age of 18 years old and a resident of Lewiston, Maine.

2. Keith Caouette is a natural person and was, at all times relative to this complaint, a patrol officer employed by Lewiston Police Department, and acting under the color of law as a police officer for the Lewiston Police Department; Mr. Caouette is being sued in his individual and his official capacity.

## STATEMENT OF FACTS

3. On October 31, 2022, Norman Johnson received a phone call from Lewiston Middle School, requesting that he come to the school to pick up his son, K.B., who was a student at Lewiston Middle School.

4. Lewiston Middle School often sent K.B. home from school early due to behavioral challenges stemming from K.B.'s numerous diagnosed disabilities.

5. Mr. Johnson drove to the middle school to pick up his son, and was let into the school building by an employee.

6. Mr. Johnson attempted to de-escalate K.B.'s non-compliant behavior and take him home from school.

7. Officer Keith Caouette was working as a school resource officer at Lewiston Middle School on October 31, 2022.

8. Mr. Johnson attempted to re-direct K.B. away from a conference room full of students and out of the building by placing an arm around his shoulder.

9. Defendant then yelled for Mr. Johnson to release K.B., and Mr. Johnson complied.

10. K.B. began walking towards the exit, and Mr. Johnson began to follow him.

11. Defendant followed Mr. Johnson as he began to exit the school and began loudly berating Mr. Johnson's parenting of K.B. as they walked towards the exit.

12. Among other statements, Defendant said to Mr. Johnson that it was inappropriate for him to discipline his son in front of other students, that he would not allow Mr. Johnson to return to the building, and to "get the fuck out of my building".

13. Mr. Johnson stopped briefly to inform Defendant that he took offense to his statements regarding his parenting, and that the taxpayers, and not Defendant, were the owners of the building because it is a publicly owned building.

14. Mr. Johnson asked Defendant what laws he had broken and why Defendant was threatening not to allow him to return to the school.

15. In response to Mr. Johnson's statements, Defendant shoved Mr. Johnson backwards into the door of the school, causing Mr. Johnson to lose his balance and begin to fall backwards.

16. Until this point, Mr. Johnson had not made any physical contact with Defendant.

17. As he was falling, Mr. Johnson instinctually reached out to steady himself, and his hand gripped Defendant's clothing in an instinctual effort to steady himself.

18. Immediately after shoving Mr. Johnson backwards into and through the doors, Defendant pushed Mr. Johnson to the ground, pinned Mr. Johnson to the ground using his body weight, and began punching Mr. Johnson repeatedly with a closed fist, landing several blows to Mr. Johnson's stomach, face and head.

19. Defendant's blows to Mr. Johnson's face and head were hard enough to break Mr. Johnson's glasses.

20. Eventually, Defendant released Mr. Johnson, and Mr. Johnson was able to stand up and leave the school.

21. As Mr. Johnson walked away from the building, Defendant yelled "Don't come back to this school, or I'll beat the fuck out of you again."

22. Mr. Johnson immediately drove to the Lewiston Police Department and asked to file a complaint against Defendant for excessive use of force.

23. Lewiston Police Department refused to allow Mr. Johnson to file an official complaint on October 31, 2022.

24. Later in the day, after Mr. Johnson attempted to file an official complaint against Defendant Caouette, he was served summonses for criminal trespass and assault.

25. Lewiston Police Department served these summonses in retaliation for attempting to lodge an official complaint against Defendant Caouette, and not because he had violated any criminal statutes.

26. Mr. Johnson was injured as the result of Defendant Caouette's actions.

## COUNT I

### 42 U.S.C. §1983- Retaliation and Use of Excessive Force in Violation of 1st Amendment of the United States Constitution and 5 M.R.S.A. § 4682.

27. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-26, as if fully set forth herein.

28. The Plaintiff was exercising his first amendment right to freedom of expression, the right to redress his grievances, and the right to lodge a complaint against a government employee on October 31, 2024.

29. Defendant violated the Plaintiff's constitutional rights by using excessive force against him for speaking mere words when picking up his son from school.

30. Defendant took retaliatory action against the Plaintiff that adversely affected the Plaintiff's constitutionally protected speech, when he shoved, tackled, and repeatedly punched Plaintiff.

31. These actions were directly motivated by the Plaintiff's speech.

32. These retaliatory acts violated the constitutional rights guaranteed to Mr. Johnson by the First Amendment of the United States Constitution, the Maine State Constitution, and Maine law. Defendant's actions were not taken in good-faith and were in violation of clearly established law.

33. As a direct and proximate result of the Defendant's unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

## COUNT II

### 42 U.S.C. §1983 - Violation of the 4th and 14th Amendments of the United States Constitution and 5 M.R.S.A. § 4682.

34. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-33, as if fully set forth herein.

35. Defendant, while acting under the color of the law, violated Mr. Johnson's constitutional rights by unreasonably seizing Mr. Johnson and using excessive force against him, as described herein throughout, which resulted in Mr. Johnson's injuries.

36. Defendant's actions violated the constitutional rights guaranteed to Mr. Johnson by the Fourth and Fourteenth Amendments of the United States Constitution, the Maine State Constitution, and Maine law.

37. Defendant's actions were not taken in good-faith and were in violation of clearly established law.

38. Defendant used excessive force at the time he shoved Mr. Johnson through a set of doors, tackled him to the ground, and punched him multiple times.

39. Defendant's actions were unnecessary, unreasonable, unlawful, and unjustified.

40. As a direct and proximate result of the Defendant's unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) Compensatory damages for all past and future economic losses and expenses incurred by the Plaintiff as a result of the Defendant's actions;

b) General damages for all past and future physical pain, mental suffering, and emotional distress suffered by the Plaintiff;

c) Punitive damages to the fullest extent permitted by law;

d) Pre-judgment and post-judgment interest;

e) Costs incurred in this action and reasonable attorney fees under 42 U.S.C. §1988; and

f) Such other further relief as justice requires.

DATE 1/24/25
A TRUE COPY
ATTEST: [signature]
CLERK OF COURTS

/s/ Christa Vo
Christa Vo, Esq., Bar No. 10315
Attorney for Plaintiff
Maine Justice Collective, LLC
63 Federal Street, Portland, ME 04101
207-817-2222
christa@mainejusticecollective.com

Dated: October 30, 2024