UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NORMAN JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:25-cv-00039-LEW |
| KEITH CAOUETTE, in his individual capacity, and his official capacity, | ) |
| Defendant | ) |

## DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Keith Caouette responds to Plaintiff's Complaint as follows:

The introductory language in the Complaint is argument or calls for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant denies the allegations.

### PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2. Defendant admits that he is a natural person, a patrol officer employed by the City of Lewiston Police Department, and was acting under color of law as a police officer for the Lewiston Police Department. The remaining allegations are argument or call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant denies the allegations.

### STATEMENT OF FACTS

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies the same.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admits that he followed Mr. Johnson as he walked towards the exit, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that Mr. Johnson said something to the effect of the building being a publicly owned building and the taxpayers owning the building, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that, after warning Mr. Johnson to let go of him, Defendant hit Mr. Johnson once in the stomach, and then after warning him again, hit him in the face. Defendant otherwise denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies same.

20. Defendant denies that he was the one who had to release Mr. Johnson; Defendant admits that Mr. Johnson stood up and left the school.

21. Defendant admits that as Mr. Johnson walked away from the building, Defendant yelled something to the effect of "Don't come back to this school" but denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies same.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits that Mr. Johnson was served summonses but otherwise denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT I

**42 U.S.C § 1983 – Retaliation and Use of Excessive Force in Violation of 1st Amendment of the United States Constitution and 5 M.R.S.A § 4682.**

27. Defendant repeats and realleges his responses contained in Paragraphs 1 through 26 as if fully set forth herein.

28. The allegations contained in Paragraph 28 are argument or call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendant denies the allegations.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

## COUNT II

**42 U.S.C §1983 – Violation of the 4th and 14th Amendments of the United States Constitution and 5 M.R.S.A § 4682.**

34. Defendant repeats and realleges his responses contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint. Defendant denies that Plaintiff is entitled to any relief requested in his prayer for relief and judgment.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## DEFENSES/AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. No clearly established rights of Plaintiff were violated by Defendant's alleged actions or inaction.

3. Plaintiff's damages, if any, are barred in whole or in part for failing to mitigate his damages.

4. Plaintiff's Complaint is barred by the doctrines of unclean hands and estoppel.

5. Defendant's alleged actions or omissions do not shock the conscience.

6. Plaintiff's claims are barred by the doctrines of absolute immunity and/or qualified immunity under State and/or federal law.

7. Defendant's actions were justified by self-defense.

8. Defendant did not violate any standard protocols, policies, procedures or training.

9. Plaintiff's recoverable damages, if any, are capped or limited by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101, et seq., the Wrongful Death Act, 18-C M.R.S.A. § 2-807, or any other applicable federal or state statutory limitations on damages.

10. Defendant did not act with deliberate indifference toward Plaintiff.

11. If any of Defendant's acts are found to have been unlawful and/or unconstitutional, Defendant had no knowledge or notice of such illegality or unconstitutionality at the time of the alleged conduct and at all times was acting in good faith.

12. Plaintiff's alleged injuries, if any, were caused by a supervening and intervening cause, and not by any conduct on the part of the Defendant.

13. Defendant had probable cause to immediately arrest and/or summons Plaintiff.

14. Defendant will rely on any and all defenses developed from discovery and further investigation, and Defendant reserves the right to amend this pleading in accordance with the Rules.

Dated at Portland, Maine this 7th day of February, 2025.

                                            */s/ Kasia S. Park*

                                            Kasia S. Park
                                            Attorney for Defendant

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
Tel: (207) 772-1941
Fax: (207) 772-3672
kpark@dwmlaw.com

**CERTIFICATE OF SERVICE**

  I, Kasia S. Park., do hereby certify that on this 7th day of February, 2025, I electronically filed the above Answer to Complaint and Demand for Jury Trial with the Court via with the Court's CM-ECF system, which automatically sends notification to all counsel of record.

  A copy of the foregoing has also been sent to Plaintiff via email and U.S. Mail to:

> Christa Vo, Esq.
> Maine Justice Collective
> 63 Federal Street
> Portland, ME 04101
> 207-817-2222
> christa@mainejusticecollective.com

  Dated at Portland, Maine this 7th day of February, 2025.

*/s/ Kasia S. Park*
Kasia S. Park
Attorney for Defendant

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
Tel: (207) 772-1941
Fax: (207) 772-3672
kpark@dwmlaw.com