UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NORMAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00039-LEW |
| | ) | |
| KEITH CAOUETTE, | ) | |
| | ) | |
| Defendant | ) | |

**<u>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Norman Johnson alleges that Defendant Keith Caouette, a school resource officer employed by the City of Lewiston, applied excessive force to his person and did so in retaliation for Plaintiff's exercise of his right to speak freely in response to Defendant's criticisms of his parenting. The matter is before the Court on Defendant's Motion for Summary Judgment.

The briefs present the question of whether this case includes a Fourteenth Amendment due process claim other than the incorporated claims arising under the First Amendment and the Fourth Amendment. Such a claim is not evident from a review of the Plaintiff's Complaint. Nor is it made evident from Plaintiff's brief in opposition to the Motion. Given the presentation, I grant Defendant's request to limit Plaintiff's invocation of the Fourteenth Amendment to the incorporated claims under the First Amendment and Fourth Amendment. *Mapp v. Ohio,* 367 U.S. 643, 660 (1961) (applying Fourth Amendment to state via Fourteenth Amendment); *Cantwell v. Connecticut*, 310 U.S. 296,

1

303 (1940) (applying First Amendment to state via Fourteenth Amendment). This, in effect, amounts to a partial grant of the Motion.

As for the First Amendment and Fourth Amendment claims, based on a review of the summary judgment record and the Statements of Material Fact that characterize the same, and viewing the facts and circumstances in the light most favorable to Plaintiff, the request for summary judgment is denied because there is a genuine issue of material fact whether Plaintiff "refused to leave the School," which fact Defendant places at the foundation of its arguments in support of the force employed by Defendant. Mot. at 6. If Plaintiff was not reasonably regarded by Defendant as refusing to leave, follow-on genuine issues arise as to whether the application of force was purely gratuitous and whether it was motivated by Plaintiff's protests in response to Defendant's characterization of him as a trespasser.[1] Depending on how the jury views the evidence, the application of force could be regarded as excessive and/or retaliatory.

Defendant's Motion for Summary Judgment (ECF No. 26) is GRANTED IN PART and DENIED IN PART. Plaintiff's claim under the Fourteenth Amendment is coextensive with his claims under the First Amendment and the Fourth Amendment and extends no further. The Motion is otherwise denied.

**SO ORDERED.**

Dated this 15th day of July, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

---

[1] Although Defendant relies in part on the challenge of having to make a "split-second decision," Mot. at 7, the record raises a genuine issue whether the circumstances demanded the split-second application of force or any force at all. Furthermore, it could be found that Plaintiff grabbed hold of Defendant to catch his fall, calling into question the need for the force Defendant applied to Plaintiff on the ground.

2